THE STATE OF NEVADA, APPELLANT AND CROSS–RESPONDENT, *v.* CHARLES ARTHUR BOYCE, RESPONDENT, AND JAMES LAVERN POWERS, RESPONDENT AND CROSS–APPELLANT.

No. 4702

November 5, 1964                           396 P.2d 135

---

*Harvey Dickerson*, Attorney General, and *Edward G. Marshall*, District Attorney, Clark County, for Appellant and Cross-Respondent.

*Harry E. Claiborne* and *John Manzonie*, of Las Vegas, for Respondent Boyce.

*John Mendoza* and *George Foley*, of Las Vegas, for Respondent and Cross-Appellant Powers.

# O P I N I O N

By the Court, McNAMEE, J.:

In the court below defendants Boyce and Powers were charged by a grand jury indictment with the crime of robbery. Through separate attorneys they filed a written challenge to the grand jury panel upon the ground that its impanelment was not made in open court and upon the further ground that the requisite number of ballots was not drawn from the jury box of the county as prescribed by law.

NRS 172.060 provides as follows: "A challenge to the panel may be interposed for one or more of the following causes only:

1. That the requisite number of ballots was not drawn from the jury box of the county as prescribed by law.

2. That the notice of the drawing of the grand jury was not given as prescribed by law.

3. That the drawing was not had in the presence of the officer or officers designated by law."

The lower court denied these challenges. Thereupon, the defendants moved to quash the indictment upon the ground that the grand jury was improperly impaneled because the impanelment was not made in open court.

The lower court granted this motion and ordered the indictment quashed and defendants released from custody. The State has appealed from this order granting the motion of defendants Powers and Boyce to quash the indictment. Defendant Powers has appealed from the order denying his challenge to the grand jury panel upon the ground that during the impanelment of the grand jury the ballots were not drawn from the jury box of the county as prescribed by law.

The sole question presented by the State's appeal is whether under the circumstances of this case the lower court properly quashed the indictment.

The only statutory grounds for setting aside an indictment are set forth in NRS 174.160 which are as follows:

"(a) Where it is not found endorsed and presented as prescribed in this Title.

"(b) When the names of the witnesses examined before the grand jury, or whose depositions may have been read before them, are not inserted at the foot of the indictment nor endorsed thereon.

"(c) When a person is permitted to be present during the session of the grand jury, when the charge embraced in the indictment is under consideration, except as provided in NRS 172.320.

"(d) When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror."

The court quashed the indictment not upon any of these grounds, but upon the ground that the impanelment of the grand jury was not made in open court in violation of NRS 1.090.

NRS 1.090 provides in part as follows: "The setting of every court of justice shall be public except as otherwise prescribed by law."

Upon the hearing of the motion to quash the indictment evidence was presented to show that during the impanelment of the grand jury a deputy sheriff prevented at least two persons from entering the courtroom. The courtroom evidently was crowded with prospective grand jurors, members of the press, and ordinary spectators. Whether the deputy sheriff was acting upon instructions by the bailiff not to admit more persons into the courtroom was disputed.

Although the lower court during the impanelment of a grand jury is sitting as a court of justice within the meaning of NRS 1.090, we have concluded that the said actions of the deputy sheriff are insufficient to authorize a court to quash an indictment brought by a grand jury impaneled under the circumstances of this case.

In Fitts v. Superior Court, 4 Cal.2d 514, 51 P.2d 66, the California Supreme Court had occasion to consider an indictment by a grand jury which had been impaneled in closed court. It stated:

"Mere irregularities, as distinguished from jurisdictional defects, occurring in the formation of a grand jury, will not justify a court declaring an indictment a nullity. * * * Disregarding, for the present, all conflicts in the evidence and conceding petitioners' many assaults upon the indictments, it cannot be said that the grand jury that returned the indictments against petitioners had no semblance of authority, or acted without color of lawful right. In other words, accepting petitioners' contentions at their face value, it must be held, under the authorities last above cited, that the grand jury was at least a de facto grand jury. That the proceedings and acts of a de facto grand jury are valid and entitled to full credit is settled by the cited cases. Quoting briefly from In re Gannon, supra [69 Cal. 541, 11 P. 240], we find it there stated that 'it is therefore sufficient, to maintain the authority of a grand jury, that it has acted under color of lawful authority. An indictment found by a de facto grand jury is as regular as one found by a de jure grand jury.' "

With respect to the cross-appeal of defendant Powers NRS 177.060 provides in part:

"The party aggrieved in a criminal action, whether that party be the state or the defendant, may appeal as follows:

\* \* \* \* \*

"2. To the supreme court from:

(a) A final judgment of the district court in all criminal cases.

(b) An order of the district court allowing a demurrer or granting or refusing a new trial."

The order disallowing the challenges of the defendants to the grand jury panel was an interlocutory order. It did not terminate the proceedings in the trial court. A final judgment terminating the proceedings resulted only from the subsequent action of the court in quashing the indictment and ordering defendants released from custody. This court therefore has no jurisdiction to entertain the cross-appeal.

The order quashing the indictment is reversed. The cross-appeal is dismissed.

BADT, C. J., and THOMPSON, J., concur.